UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

MICHELLE A. DYER,

    Plaintiff,

v.                                       Case No.  2:11-CV-577-FtM-99DNF

STEWART TITLE GUARANTY
COMPANY, et al.

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon the motion to dismiss filed by Defendant The Squad LLC, d/b/a The Title Connection ("Title Connection") (Dkt. 37).  The Court notes that Plaintiff did not file a response to Title Connection's motion, and the time period for doing so has long expired.  The Court, having reviewed the motion and considered it on the merits, and being otherwise advised of the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

Plaintiff's claims arise from a failed attempt to invest in a property located in Mississippi, referred to as the Go Zone Duplex Opportunity (hereinafter "Go Zone"). Plaintiff alleges that Go Zone was marketed by co-defendants Bryan G. Campo and Donald J. Curran of RedTec Solutions, LLC, along with co-defendant Leslie Younger on behalf of the co-defendant developer Global Community Development, LLC ("GCD").  Plaintiff alleges she attended an event in Scottsdale, Arizona, where Campo and Curran advised her

about the federal tax incentives available for individuals who invested in Go Zone properties. Thereafter, Campo sent Plaintiff an email with the link to the RedTec website where she could download the Go Zone application and a sample loan application for a loan with co-defendant Harbor Funding Group, Inc. ("Harbor Funding").

Plaintiff alleges that on July 29, 2008, she executed a purchase agreement and an escrow agreement. Pursuant to the terms of the purchase agreement, Plaintiff paid an initial deposit of $3,525 and a down-payment deposit of $27,200, both to be held in defendant Title Connection's escrow. The escrow agreement provided Title Connection with instructions to pay the initial deposit of $3,525 to GCG, and to pay the deposit of $27,200 to the "Lender Escrow Company."

In June 2009, Plaintiff alleges that she was informed that there were issues with respect to receiving funding from Go Zone's lenders. It was later determined that Title Connection forwarded her deposit to William Lange, an agent for Harbor Funding, and Michael Garber, Esq., an attorney for Harbor Funding. Plaintiff alleges that sometime thereafter, Harbor Funding stopped providing mortgages and ceased reasonable communications.

In October 2009, Plaintiff was informed that GCD was filing for bankruptcy. Plaintiff was also informed that Stewart Title Guaranty Company ("Stewart"), Title Connection's title underwriter, performed an audit of Title Connection's transactions to determine where Title Connection transferred Plaintiff's deposit. Plaintiff also learned that Stewart hired Janet Coleman to provide an escrow accounting for persons who still had funds held by Title Connection.

Subsequently, Plaintiff contacted Coleman to request an accounting of the amount of her funds remaining in escrow with Title Connection. Upon Coleman's information and belief, Plaintiff's escrow was not disbursed in accordance with her escrow agreement because Title Connection disbursed the monies to Harbor Funding and Garber, without any firm loan commitment and without having any loan closing scheduled.

Plaintiff alleges that the remaining balance due and owing to her is $28,275. Plaintiff also alleges that Title Connection failed to follow the escrow instructions pursuant to the escrow agreement when it disbursed Plaintiff's deposit before a loan commitment was in place and a closing was scheduled.

On October 11, 2011, Plaintiff filed the instant case, alleging seven separate causes of action against nine defendants. Subsequently, on January 27, 2012, Plaintiff filed her second amended complaint. The second amended complaint alleges seven claims, three of which are against Title Connection for securities fraud, breach of contract, and professional negligence.

Title Connection's motion to dismiss argues that Plaintiff's securities fraud, breach of contract, and professional negligence claims must be dismissed for failure to state a claim. As stated above, Plaintiff did not file a response to Title Connection's motion.

## **MOTION TO DISMISS STANDARD**

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual

deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## **DISCUSSION**

**I.     Plaintiff's Securities Fraud Claim against Title Connection**

Title Connection contends that it appears Plaintiff is seeking a securities fraud claim against it because it is mentioned in the Wherefore Clause section of this claim, although the allegations therein suggest that the claim is made against Defendants Younger, Campo, Curran, GCD, and RedTec (not Title Connection). Title Connection states that such a claim would be inappropriate against it as a matter of law because there are no allegations in support of this claim with respect to Title Connection. Moreover, Title Connection states

that its counsel conferred with Plaintiff's counsel on this issue and Plaintiff's counsel confirmed that the inclusion of Title Connection in this claim was a scrivener's error.

Under these circumstances, the Court agrees that dismissal of the securities fraud claim, with prejudice, is appropriate as it relates to Title Connection.

## II.     Plaintiff's Breach of Contract Claim against Title Connection

Title Connection contends that Plaintiff's breach of contract claim fails to state a claim for breach of the escrow agreement. The Court disagrees.

In order to maintain a breach of contract claim, Plaintiff must allege: (1) the existence of a contract; (2) a breach of the contract; and (3) damages resulting from the breach. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006). Plaintiff alleges that Title Connection "materially breached the escrow agreement" when it disbursed Plaintiff's deposit because "Harbor Funding had no firm commitment to issue any loan in connection with Plaintiff's transaction, no loan closing was imminent, and the proceeds were not applied as her 10% down payment in connection with a closing." (Dkt. 28 at ¶81). Plaintiff also alleges that as a result of Title Connection's breach, she incurred monetary damages in the amount of $28,275. These allegations are sufficient to state a breach of contract claim at this stage.[1]

Accordingly, Title Connection's motion to dismiss is denied with respect to Plaintiff's breach of contract claim.

---

[1] It is obvious that Plaintiff's reference to Global Community Development, LLC in paragraph 83 is a scrivener's error.

## III.     Plaintiff's Professional Negligence Claim against Title Connection

Title Connection moves to dismiss Plaintiff's professional negligence claim based, in part, on Plaintiff's failure to allege that Title Connection is a "professional," as defined under Florida law.  Specifically, Florida common law allows a person who is injured by the negligence of another to maintain a cause of action based on a violation of a duty of care, and if the negligent party is a professional, the duty of care imposed is to perform services in accordance with the standard of care used by similar professionals in the community under similar circumstances.  *Moransais v. Heathman,* 744 So. 2d 973, 975–76 (Fla.1999) (citations omitted).  Title Connection cites to a hand-full of Florida cases and federal cases, applying Florida law, in support of its position that an essential element of a professional negligence claim is that the "profession" involved requires a four-year college degree, which Plaintiff fails to plead and which would not apply to Title Connection.

Upon review of the cases, the Court agrees with its sister-court's recent holding in *Merrett v. Liberty Mut. Ins. Co.*, 2012 WL 37231, at *5 (M.D. Fla. Jan. 6, 2012), that the definition of "profession" includes a four-year degree requirement if the claim involves "the applicability of the professional malpractice statute." *Id.*  In *Merrett*, the court noted that this definition is not applied to deal with issues, "other than the statute of limitations [under the Florida professional malpractice statute]." *Id.*

It does not appear that the statute of limitations under the Florida professional malpractice statute is at issue in this case.  And it is axiomatic that Plaintiff could assert a simple negligence claim against Title Connection.  Indeed, Plaintiff alleges such a claim, i.e., that "Title Connection failed to exercise the degree of care that a reasonable and careful title

company would use in processing and handling Plaintiff's escrow funds." (Dkt. 28 at ¶101). Plaintiff also alleges that "Title Connection failed to follow the escrow instructions pursuant to the escrow agreement" and Title Connection "wrongfully disbursed Plaintiff's escrow deposit to Michael D. Garber, P.C., Harbor Funding Group and Francis Kany in violation of the escrow agreement because the disbursement was not to a Lender's Escrow to be applied as Plaintiff's 10% down payment as no closing took place nor was any closing imminent at the time the funds were disbursed by the Title Connection" *Id.* at ¶¶ 102-03.

These allegations are sufficient to allege a simple negligence claim. However, the Court agrees with Title Connection that these allegations, as pled, would be barred as a matter of law under Florida's economic loss rule because they do not allege that Plaintiff suffered physical injury or property damage apart from her alleged economic losses.

Specifically, the economic loss doctrine prevents a plaintiff from recovering in tort for economic losses flowing from a contract. *Indemnity Ins. Co. of North America v. American Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004). Plaintiff's negligence claim relates to economic losses flowing from Title Connection's alleged breach of the escrow agreement. Plaintiff fails to allege that Title Connection undertook any additional duties outside the scope of the alleged contract, or committed a breach outside the scope of the contract.

Accordingly, this claim is dismissed under the economic loss doctrine because the allegations are duplicative of the breach of contract claim. This dismissal is without prejudice to Plaintiff to amend to the extent that she has any additional facts that justify such a claim (i.e., that allege injury or damages apart from those related to her breach of contract claim against Title Connection).

It is therefore ORDERED AND ADJUDGED that:

1. The motion to dismiss filed by Defendant The Squad LLC, d/b/a The Title Connection (Dkt. 37) is hereby granted in part and denied in part as set forth herein.

2. Plaintiff's securities fraud claim is dismissed, with prejudice, as to Title Connection.

3. Plaintiff's professional negligence claim is dismissed, without prejudice to amend within fourteen (14) days of this Order, as to Tile Connection. The Court submits that Plaintiff should amend this claim <u>only if she can allege facts of an injury or damage apart from Title Connection's alleged breach of the escrow agreement</u>.

**DONE** and **ORDERED** in Tampa, Florida on April 16, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\J-Gundlach\2-11-cv-577.mtdismiss37.wpd